**MILES et al. v. DEVANEY.**

No. 1952.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1930.

Rehearing Denied April 23, 1930.

Lee R. Stroud and L. L. Albright, both of Dallas, for appellants.

R. T. Meador, of Dallas, for appellee.

WALKER, J.

On the 3d day of July, 1928, John McGinnis purchased from R. E. Miles a certain restaurant and all its fixtures located in the city of Dallas, and in part payment assumed certain notes and a mortgage against the property held by George W. Devaney. Devaney knew of this purchase by McGinnis, but filed suit against Miles for foreclosure, and secured judgment for the amount of his notes and foreclosure of his lien, without making McGinnis a party to his suit. This suit was filed by McGinnis to set aside that judgment, and in addition thereto prayed for an injunction against Devaney restraining him from executing his order of sale against the restaurant fixtures. The temporary injunction was granted as prayed for. The defendant answered by demurrers and a general denial, and specially pleaded that the injunction was wrongfully issued, and as a reason thereof great damage had been suffered by him, in that he was damaged "to the extent of his security, reasonably worth $520.00, for the reason that the said John McGinnis has allowed the said restaurant fixtures to become subject to rent and has removed the same from the restaurant at 2628 Swiss Avenue and has allowed the value thereof to be destroyed." Upon a trial on the merits, the injunction was dissolved, the fixtures were ordered sold, and judgment awarded against McGinnis and his bondsmen for $520. This appeal is prosecuted by writ of error by the sureties on the injunction bond.

Opinion.

The parties agree that the sureties on the injunction bond were liable only for the damages suffered by the defendant below because of the wrongful suing out of the injunction. We have no statement of facts before us, and there is no affirmative showing made on the record that in rendering judgment against the plaintiff and his sureties the cross-action pleaded by the defendant below was not sustained; that is to say, the defendant below pleaded that the value of his security had been destroyed by reason of the injunction and asked for damages in the sum of $520.

Without a statement of facts, we must presume that the evidence fully supports the judgment of the lower court.

Affirmed.